RAFAEL TORRECH RÍOS, Plaintiff and Appellee, v. JUAN RAMÓN RAMOS RODRÍGUEZ ET AL., Defendants. SOCIEDAD CIVIL "RAMOS HERMANOS," Defendant and Appellant.

No. 11782. Resubmitted June 8, 1961.—Decided June 29, 1961.

Brown, Newsom & Córdova and Iván Díaz de Aldrey for appellant. Jorge M. Morales and Ramón L. Nevares for appellee.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

A contract of sale having been made between appellee and appellant, it was stipulated therein that a mortgage

credit in favor of the Federal Land Bank, which encumbered the estate object of the contract was reduced to a specific amount, which amount was retained by the purchaser Rafael Torrech Ríos from the price agreed to be paid on due time, it being further stated that if any other lien should appear besides the mortgage, the vendor "binds itself . . . to cancel the same without any cost whatsoever for the purchaser."

The deed of sale was executed on March 24, 1953. At that time the sum of $1,976 was owed to the Federal Land Bank as interest accrued on the balance of the mortgage credit assumed by the purchaser. The sum of $1,861.22 was also owed for land taxes corresponding to the fiscal year 1952–53. Both items constituted liens on the property. The accrued interest because they were guaranteed by the mortgage. Tr. Ev. 15. The taxes because it was so provided by law. 13 L.P.R.A. § § 361 and 461; 30 L.P.R.A. § 292.

The appellee paid both amounts and filed suit against the vendor, appellant herein, in order to recover them. Appellant offered oral evidence at the trial in order to prove that the parties had agreed that the purchaser would assume payment of the amounts claimed, that is, that it had bound itself to pay the interest accrued on the mortgage and the taxes pending payment. Appellee objected, through counsel, to the presentation of said evidence because "it would be tantamount to attempting to alter the terms of a deed." The trial judge sustained plaintiff's objection and after considering all the evidence he granted the complaint imposing the costs and $100 attorney's fees on defendant.

An appeal having been taken, the only error assigned is in failing to admit the oral evidence [1] to prove that plain-

---

[1] Wigmore maintains that it is inaccurate to speak of oral evidence, since the rule is that the admission of oral or written evidence does not lie in order to alter what has been stipulated in the contract. IX–2. Wig-

tiff bound itself to pay the interest accrued and the taxes pending payment.

Appellant argues that generally evidence is not admissible to alter the terms of a written contract,[2] but it sets forth that § 101, subdiv. 2 of the Law of Evidence, 32 L.P.R.A. § 1886, establishes an exception to said rule.[3]

Appellant maintains that the testimony of the witnesses which it offered and was rejected by the trial judge would merely show that the parties agreed that the purchaser would assume payment of the accrued interest and of the

---

more, § 2400 (3d ed., 1940). See, also, *Rossy v. Super. Ct.; Heirs of Lloréns, Ints.,* 80 P.R.R. 705 (1958).

[2] Section 25 of the Law of Evidence, 32 L.P.R.A. § 1668 states the following:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreements other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings.

"2. Where the validity of the agreement is the fact in dispute.

"But this section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section 1671 of this title, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term 'agreement' includes deeds and wills, as well as contracts between parties.—Code Civil Proc., 1933, § 387."

[3] Section 101, subdiv. 2 of the Law of Evidence, 32 L.P.R.A. § 1886 states the following:

"The following presumptions, and no others, are deemed conclusive:

"1. .        .        .        .        .        .        .        .        .

"2. The truth of the facts recited, from the recital in a written instrument between the parties thereto or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration."

By means of these provisions we incorporated in our statutes the rule prevailing in those jurisdictions where common law prevails. It is based on the fact that most agreements are drawn up by the contracting parties themselves, without the intervention of legal experts, as it happens in Puerto Rico when a written contract is put in a public deed, for which reason an opportunity should be granted to explain the real intention. Browne, *A Treatise on the Admissibility of Parol Evidence* 2, § 2 (L. K. Strouse & Co. 1893). Hence, it is not considered as rule of evidence properly speaking. IX Wigmore, § 2400 (3d ed., 1940).

taxes to be paid. And it understands that this evidence falls within the exception established by § 101 of the Law of Evidence.[4]

The trial court acknowledges the rule and its exception but adds that "the determining fact is whether the element of the alleged extrinsic negotiation is covered or not by the contract" and affirms that since the alleged verbal contract is covered by the clause of the deed which bound the vendor to cancel any liens besides the mortgage in favor of the Federal Land Bank up to the sum of $76,000, the same was not admissible in evidence.

We agree with the trial judge. Extrinsic evidence is not admissible to alter the terms of a written contract except in the cases enumerated in § 25 of the Law of Evidence, or to show what was the real transaction between the parties and the real consideration.[5] But a cursory analysis of the situation involved in the present case reveals that the evidence offered would not fall within the exceptions indicated,

---

[4] To sustain its position appellant cites the following cases which, although it is true that they uphold the exception to the rule, however, they are not applicable to the situation of facts in the present case. Let us see: *Horton et al.* v. *Robert,* 11 P.R.R. 168 (1906) the evidence introduced was to ascertain what was the amount really received in a loan; *Cabrera* v. *Colonial Bank,* 214 U.S. 224 (1909) to show that the conveyance was made without consideration; *Fernández* v. *González et al.,* 16 P.R.R. 618 (1910) to show what the real transaction was; *Hernández* v. *Fernández et al.,* 17 P.R.R. 111 (1911) to show that no price was involved in the conveyance; *Marxuach* v. *Acosta,* 39 P.R.R. 872 (1929) to show that the sale was really an exchange of properties; *Villanueva* v. *Suárez,* 41 P.R.R. 30 (1930) to show the real consideration; *Monge* v. *Rodríguez,* 45 P.R.R. 400 (1933) to show that an acknowledgment of the receipt of money had not been applied for; *Ruiz* v. *Mario Mercado e Hijos,* 46 P.R.R. 791 (1933) to show that the real transaction was the sale of 100 acres and not 150 as stipulated in the deed; *De la Rosa* v. *Quevedo,* 47 P.R.R. 165 (1934) to show that the total amount loaned was not received, and *Ochoteco* v. *Córdova,* 47 P.R.R. 522 (1934) to show that the money was not received as a loan but was received as a deposit. Besides the cases above-cited by appellant there are others decided by this Court to the same effect, the most recent one being *Rossy* v. *Super. Ct.; Heirs of Lloréns, Ints.,* 80 P.R.R. 705 (1958).

[5] See the cases cited in footnote 4.

because its purpose was not, in the last instance, to show that the consideration was different from that stipulated in the contract. The evident purpose was to alter one of the clear and precise clauses of the contract, that which establishes that "if any other lien appeared on the rural property, plantations and equipment, which by virtue of this document have been sold to the appearing party Rafael Torrech Ríos, aside from the mortgage which encumbers the property in favor of the Federal Land Bank of Baltimore, Porto Rico Branch [the vendor] agrees and is bound by this clause to cancel the same without any cost whatsoever on the purchaser." [6]

The interest having been guaranteed by the mortgage and the taxes corresponding to the year 1952–53 constituting an encumbrance on the real property, the obligation immediately arises on the part of the vendor to pay for these items, pursuant to the clear terms of the above clause. The parties having accepted that the mortgage credit was reduced to $76,000, which amount the purchaser withheld to be paid in its due time, it is clear that the vendor was bound to pay any sum in excess of this amount which might be guaranteed by a mortgage, because it constituted a lien. What other purpose could the clause have? Did not the vendor expressly bind itself to pay any other lien or liability which affected the real property sold in addition to that of the mortgage credit reduced to the specific sum of $76,000? *Menéndez* v. *Fuente*, 34 P.R.R. 363 (1925) and *París* v. *Canety*, 73 P.R.R. 386 (1952).

It seems appropriate to cite here the case of *Sarria* v. *Álvarez & Co.*, 38 P.R.R. 813, 828 (1928), where we stated:

"The fundamental basis of section 25 of the Law of Evidence is the presumption that in an agreement in writing there have been included all of the purposes and all previous negotiations,

---

[6] The price and conditions of sale were established in a separate clause.

and that the parties have embodied in that document all of their aims and purposes in the meeting of their minds. On that basis was established the rule that the contents of the written agreement are the truth and the whole truth. That rule, as appears from the section and the abundant jurisprudence, has its natural and unimportant exceptions. But generally evidence is inadmissible to vary, correct or contradict the terms of a written agreement between the parties in an action based on that document signed by them or their successors."

Since the purpose of the evidence rejected by the trial court was to alter one of the clauses of the written contract, the error assigned was not committed.

The judgment appealed from is affirmed.

Mr. Justice Serrano Geyls dissented for the reasons which he shall timely set forth in an opinion.

Mr. Justice Blanco Lugo did not participate herein.